IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NIMLE INVESTMENTS LLC,

               Plaintiff,

v.

ROBIN STRINGER, and all other occupants,

               Defendants.

1:15-cv-1667-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of Fulton County, Georgia. Also before the Court is Defendant Robin Stringer's ("Defendant") Objection [5] to the R&R.

**I.   BACKGROUND**

On April 21, 2015, Plaintiff Nimle Investments LLC ("Plaintiff") initiated a dispossessory proceeding (the "Complaint") against its tenants, including Defendant, in the Magistrate Court of Fulton County, Georgia.[1] The Complaint

---

[1] No. 15DE007049.

seeks possession of the premises currently occupied by Defendant and past due rent, fees and costs.  (See [1.1] at 3).

On May 12, 2015, Defendant, proceeding *pro se*, removed the Fulton County Action to this Court by filing a Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law.  Defendant asserts a counterclaim, under 42 U.S.C. § 1983, for alleged violations of her constitutional rights.  (See [1.1] ¶ 3).

On May 15, 2015, the Magistrate Judge granted Defendant's application to proceed IFP and considered *sua sponte* whether the Court has subject matter jurisdiction over this case.

The Magistrate Judge found that Plaintiff's underlying pleading shows that this action is a dispossessory proceeding, which Defendant contends violates federal law.  Because a defense or counterclaim based on federal law is not sufficient to confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this action.  Because the Court lacks subject matter jurisdiction, the Magistrate Judge recommended that this case be remanded to state court.

On June 1, 2015, Defendant filed her Objection to the R&R, in which she reasserts generally that the Court has federal question jurisdiction over this action.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

Defendant has filed an objection to the R&R and the Court thus conducts a *de novo* review of the record.[2]

---

[2] To the extent Defendant "object[s] to this case being [r]emanded back to Magistrate Court," the Court finds that this is not a cognizable objection to the findings and recommendations of the Magistrate Judge.  See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It

B.   Analysis

Defendant appears to object to the finding in the R&R that the Court does not have federal question jurisdiction over this action. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory action which is based solely on state law. No federal question is presented on the face of Plaintiff's Complaint. That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). The Court, having considered *de novo* the issue of federal question jurisdiction, concludes that federal question jurisdiction is

---

is critical that the objection be sufficiently specific and not a general objection to the report.").

not present in this action and Defendant's objection based on federal question jurisdiction is overruled.[3]

Although not alleged in her Notice of Removal, because of Defendant's *pro se* status, the Court also considers whether it has subject-matter jurisdiction based on diversity of citizenship.  Diversity jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Although it appears that the parties are citizens of different states,[4] Defendant fails to show that the amount in controversy exceeds $75,000.  The Court must look only to Plaintiff's claim to determine if the amount-in-controversy

---

[3] To the extent Defendant asserts in her Objection that the Court has subject matter jurisdiction based on 28 U.S.C. § 1443 and violation of the Fair Housing Act, 42 U.S.C. § 3631 et seq., Defendant fails to allege any facts to support that she has been denied by, or cannot enforce in, the state court her rights under the Fair Housing Act.  See, e.g., 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Georgia v. Rachel, 384 U.S. 780, 788 (1966) (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for ... equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Rogers v. Rucker, 835 F. Supp. 1410 (N.D.Ga. 1993) (remanding dispossessory action where tenant asserted counterclaim for violation of Fair Housing Act, but failed to allege facts to support that landlord's motive in bringing action was to deter tenant from engaging in protected activity or that Georgia law denies tenant ability to enforce her rights under the Fair Housing Act; tenant asserted only discriminatory treatment in service and maintenance of her apartment).

[4] Defendant indicates on her Civil Cover Sheet [1.2] that she and Plaintiff are citizens of different states.

requirement is satisfied.  See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002).  "[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").  The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Robin Stringer's Objection [5] to the R&R is **OVERRULED.**

This action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 9th day of June, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE